Baldev SINGH, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–2141–ag.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2007.

Baldev Singh, pro se, North Bellmore, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Douglas A. Allen, Assistant United States Attorney, Forth Worth, Texas, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Baldev Singh, a native and citizen of India, seeks review of an April 10, 2006 order of the BIA denying Singh's second motion to reopen. *In re Baldev Singh*, No. A75 304 590 (B.I.A. Apr. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will "be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). When reviewing the denial of a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

 The regulations state that individuals may file only one motion to reopen, 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Singh had filed two motions to reopen with the BIA. The regulations also state that motions to reopen must be filed within 90 days of issuance of the "final

administrative decision." *Id.* The BIA's denial of Singh's first motion to reopen was issued in March 2004, yet Singh did not file his second motion to reopen until February 2006, well beyond the 90–day filing deadline. Accordingly, the BIA did not abuse its discretion in finding that Singh's second motion was untimely and numerically barred. The regulations provide an exception to these limitations if the movant can establish "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Singh failed to establish changed country conditions in India such that he was *prima facie* eligible for asylum, withholding of removal or relief under the Convention Against Torture. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). Even though the affidavits submitted in support of the motion claimed that Congress Party members had raided Singh's home, the BIA properly rejected them as insufficiently detailed. First, none of the affiants explained how they came across this information regarding the alleged raid at his home. More importantly, however, none of the affidavits provided any information which proved that Singh should be fearful of returning to India. The information in the affidavits conveyed only that individuals were looking for Singh, not that these individuals intended to harm Singh in any manner.

■ In addition, the BIA did not abuse its discretion in finding that the newspaper articles were insufficient to establish a pattern and practice of persecution against Sikhs in all of India. Many of the articles discuss the 2005 arrests of several leaders of the Akali Dal Mann and the resulting protests, but the articles did not discuss any backlash against Akali Dal Mann members or Sikhs as a result of these protests. In addition, the BIA was correct in noting that the arrests of several party leaders do not prove that Singh, who had not claimed to be a high-ranking member of the party, would be subject to persecution throughout India. The other articles in the record also do not support Singh's contention that he has a well-founded fear of persecution on account of his political opinion or religion.

■ Lastly, the BIA did not err in noting that the new evidence failed to overcome the immigration judge's ("IJ") adverse credibility determination. In her decision, the IJ found that Singh had failed to sufficiently prove his membership and local leadership in the Akali Dal Mann party. Since the agency already determined that Singh was not credible regarding the events in India, the BIA was correct in finding that the newspaper articles had only limited relevance to his claim. Although the affidavits may have served as support for Singh's alleged involvement in the Akali Dal Mann party in India, as mentioned above, the BIA did not err in rejecting those documents. Accordingly, the BIA did not abuse its discretion in denying Singh's motion to reopen because it was untimely and numerically barred and Singh failed to prove changed circumstances in India such that he was *prima facie* eligible for the relief sought.

■ Because Singh has failed to raise any arguments regarding the denial of his motion to reconsider, that claim is deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DENIED. The pending motion for a stay

of removal in this petition is DISMISSED as moot.